UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| AARON KIMBER, # 257691, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-cv-365 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| JOHN MURPHY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

This is a civil action brought by a state prisoner under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* Plaintiff is an inmate at the Gus Harrison Correctional Facility. This lawsuit arises out of conditions of plaintiff's confinement at the Oaks Correctional Facility. Plaintiff named Librarian John Murphy, Medical Health Unit Manager Rick Bookheimer, and Optometrist Brian Allen as defendants. Plaintiff sues defendants in their individual capacities and seeks declaratory and injunctive relief and damages.

The matter is now before the Court on defendant Bookheimer's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 22). This motion is the re-filing of an earlier motion, this time in compliance with Local Civil Rule 7.1(d). On March 9, 2017, the Court entered an order (ECF No. 25) advising plaintiff that his response to defendant's earlier motion (ECF No. 18, 19) would be

considered as his response to this motion. The order also gave plaintiff an opportunity to supplement his earlier response on or before March 24, 2017. (ECF No. 25 at PageID.219). Plaintiff elected not to supplement his response.

For the reasons set forth herein, I recommend that plaintiff's claims for declaratory and injunctive relief against all defendants be dismissed because they are moot. I recommend that defendant Bookheimer's motion for summary judgment be granted, and that all plaintiff's claims for damages against defendant Bookheimer be dismissed without prejudice.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*,

270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Standards Applicable to the Affirmative Defense
of Failure to Exhaust Remedies**

Defendant Bookheimer has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S.

199, 220 (2007); *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  "This requirement is a strong one.  To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile."  *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.  The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies.  The Supreme Court reiterated that "no unexhausted claim may be considered."  549 U.S. at 220.  The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims.  549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.  *Jones v. Bock*, 549 U.S. at 218-19.  In

*Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[1] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d

---

[1] A copy of the policy directive is found in the record. *See* ECF No. 23-2, PageID.169-75.

305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at all times relevant to his complaint. On or about October 17, 2014, plaintiff was transferred to the Oaks Correctional Facility (ECF). Rick Bookheimer was ECF's health unit manager (HUM).[2] (Compl. at 7, ¶ (h), ECF No. 1, PageID.7). Librarian John Murphy and Optometrist Brian Allen also worked at ECF. (*Id.* at 1-2, ¶¶ 1, 3, PageID.1-2).

Before his transfer to ECF, plaintiff had been participating in a talking-books program through the Library of Congress. (*Id.* at 4, ¶¶ 2-3, PageID.4). Plaintiff's

---

[2] Plaintiff's complaint is verified under penalty of perjury. (Compl., ECF No. 1 at PageID.9). It is considered as an affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). "Verified" arguments and legal conclusions are not evidence, however. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

property on arrival at ECF included two recorders and seven tapes. Prison employees at ECF did not allow plaintiff to possess this property. (*Id.* at 2, ¶¶ 2, 3, PageID.2).

On October 19, 2014, plaintiff sent a healthcare kite requesting a "medical detail so that he could regain possession of the two recorders and 7 tapes for the talking book machines, [and] that request was eventually denied." (*Id.* at 2, ¶ 3, PageID.2). On October 23, 2014, plaintiff's medical chart was reviewed by a nurse "who determined from a documented September 2014 eye examination" that plaintiff had "20/30+ visual acuity and near vision which [was] adequate for reading with no [] assistance other than prescription glasses, with [n]o special accommodation [] needed." (*Id.* at 2, ¶ 4, PageID.2).

On October 30, 2014, plaintiff "sent another healthcare kite requesting to be put on callout requesting a medical detail" and this kite "did not yield a favorable response." (*Id.* at 2, ¶ 5, PageID.2).

On October 20, 2015, ECF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ECF No. 2015-10-3015-12i. This was a grievance complaining that Dr. Allen and HUM Bookheimer failed to issue plaintiff "a medical detail for his Talking Books program." (ECF No. 23-3, PageID.182). Plaintiff's grievance was denied at Step I because plaintiff's medical condition did not meet the requirements for books on tape. (*Id.*).

Plaintiff pursued an appeal to Step II. The Step II response reiterated that plaintiff did not satisfy the medical requirements for the requested accommodation:

> Review of the electronic medical record reveals that the grievant has been at ECF since 10/16/14. Documentation is noted soon thereafter re: grievant's efforts to obtain this detail and secure the release of related equipment from the ECF Property Room. To that end, the optometrist was asked to review a recent optometry evaluation completed while grievant was at JCF. After reviewing documentation of that exam, the optometrist concluded that grievant's visual acuity is adequate for reading with no other assistance than prescription glasses. No special accommodation or detail for reading (i.e., Talking Books) was deemed necessary. The same optometrist reached the same conclusion nearly a year later, on 8/20/15, when he was again asked to review the chart re: this issue. It is noted that in Mental Health documentation from 11/10/14 that grievant requested assistance to read and fill out certain documents re: parole. It is also noted that he reported he was given the tape player at a previous facility and that he used it to help him sleep. It does not appear that the grievant has ever been officially issued a detail or accommodation for this device.
>
> Grievant is advised that, from Health Care's perspective, a "Talking Books" detail would only be indicated/ordered if the requesting prisoner's visual acuity was poor enough to justify it. Grievant does not appear to qualify for "Talking Books" on that basis, thus Health Care cannot provide the requested detail. It appears that the grievant may be requesting the detail because he has difficulty reading and/or because "talking books" have served as a sleep aide in the past. If either reason is still applicable, grievant is encouraged to speak with his unit counselor and/or Mental Health for further assistance re: this matter.

(ECF No. 23-3, PageID.181).

Plaintiff pursued an appeal to Step III. His grievance was rejected at Step III. Plaintiff was required to attempt to resolve the issue within two business days of becoming aware of a grievable issue and to file his grievance within five business days after attempting to resolve the issue. (P.D. 03.02.130, ¶ P, ECF No. 23-2, PageID.171). Plaintiff's grievance was rejected at Step III because there was "no indication that the grievant attempted to resolve this issue prior to filing his

-9-

grievance as outlined by policy." (ECF No. 23-3, PageID.179).

## Discussion

### I.   Mootness

Plaintiff is an inmate at the Gus Harrison Correctional Facility (ECF). Defendants are employed at ECF. Defendants no longer have any authority over the conditions of plaintiff's confinement. Plaintiff's claims for declaratory and injunctive relief against defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### II.   Exhaustion

Defendant Bookheimer has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Plaintiff argues that the Step III rejection of his grievance should be disregarded because the grievance coordinator accepted his grievance at Step I. (Plaintiff's Brief at 4, ECF No. 19, PageID.137).

Exhaustion analysis is patterned after habeas corpus procedural default analysis. The pivotal question is whether the Step III decision, the last decision, was based on the enforcement of a procedural bar. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *see also* Reynolds-*Bey v. Harris*, 428 F. App'x 493, 502 (6th Cir. 2011) (The Step III decision is "the equivalent of the last state court [decision] in [a] habeas [case.]"). Here, plaintiff's grievance was rejected at Step III because he did not comply with the procedural requirements of attempting to resolve the issue

within two business days of becoming aware of a grievable issue and filing his grievance within five business days after attempting to resolve the issue. The Court honors procedural rules that prison officials enforce. *See Reed-Bey v. Pramstaller*, 603 F.3d at 326; s*ee also Doss v. Mackie*, No. 2:16-cv-135, 2017 WL 6047754, at *4 (W.D. Mich. Nov. 7, 2016) ("[W]here a Step III response rejects a grievance for failing to follow MDOC grievance procedure, the grievance cannot be considered properly exhausted under the policy.").

Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not properly exhaust his claims against defendant before he filed this lawsuit. Defendant Bookheimer has carried his burden on the affirmative defense and is entitled to dismissal of all plaintiff's claims seeking damages.

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims for injunctive and declaratory relief against all defendants be dismissed because they are moot. I recommend that defendant Bookheimer's motion for summary judgment (ECF No. 22) be granted, and that all plaintiff's claims for damages against defendant Bookheimer be dismissed without prejudice.


Dated:  January 23, 2018             /s/  Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).