UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| AARON KIMBER, # 257691, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:16-cv-365 |
| v. | ) |
| | ) Honorable Paul L. Maloney |
| JOHN MURPHY, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Oaks Correctional Facility. The defendants are Librarian John Murphy and Optometrist Brian Allen.

The matter is before the Court on plaintiff's motion for entry of a default judgment against defendant Allen (ECF No. 50), defendant Murphy's motion for summary judgment (ECF No. 54), and plaintiff's motion to voluntarily dismiss all his claims against defendant Murphy (ECF No. 57). For the reasons set forth herein, I recommend that the Court deny plaintiff's motion for entry of a default judgment. I recommend that the Court dismiss all plaintiff's claims against defendant Allen pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim upon which relief can be granted. I recommend that the Court dismiss defendant Murphy's motion for summary judgment without prejudice because it has been rendered moot

by plaintiff's motion to voluntarily dismiss all his claims against defendant Murphy. I recommend that the Court grant plaintiff's motion to voluntarily dismiss all his claims against defendant Murphy and that the Court enter a judgment dismissing all plaintiff's claims against defendant Murphy with prejudice.

## Discussion

### I. Optometrist Allen

Plaintiff has filed a motion for entry of a default judgment against defendant Allen. (ECF No. 50). There is no foundation for entry of a default judgment because the Court has not ordered defendant Allen to file an answer to plaintiff's complaint. The case management order provides as follows:

> No default will be entered against any defendant for exercising the right under section 1997e(g)(1) not to respond to the complaint. If, after the close of the dispositive motion period under paragraph 5 of this order, no response has been filed, the Court may direct the filing of an answer.

(ECF No. 12, PageID.46). The Court should deny plaintiff's motion for entry of a default judgment. *See Klotz v. Ingham Cty.*, No. 1:17-cv-608, 2018 WL 4223167, at *1 (W.D. Mich. Sept. 5, 2018); *see also Jones v. Bergh*, No. 2:08-cv-128, 2011 WL 5180569, at *2 (W.D. Mich. Oct. 31, 2011) ("Plaintiff is not entitled a default judgment where defendant [] has elected not to file an answer to the complaint and the Court has not ordered defendant [] to answer.") (citing 42 U.S.C. § 1997e(g)(1)).

I also find that the Court should not order defendant Allen to answer plaintiff's complaint because it fails to allege facts sufficient to state a claim against this defendant. Under the provisions of the Prison Litigation Reform Act, the Court is required to dismiss plaintiff's claims against defendant if it determines that the

complaint fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2), 1915A; *see Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at \*2 (6th Cir. Mar. 31, 2017) ("These statutes require[] a district court to screen and dismiss complaints that are frivolous, are malicious, or fail to state a claim upon which relief may be granted.").

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if he pleads facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a plausible claim for relief. *Bright v. Gallia Cty.*, 753 F.3d 639, 652 (6th Cir. 2014) (citation and quotation omitted); *see Allen v. NCL Am. LLC*, No. 17-4198, __ F. App'x __, 2018 WL 3359206, at \*4 (6th Cir. July 10, 2018) (A complaint "alleg[ing] a paucity of facts and a plethora

of conclusory allegations and legal conclusions masquerading as allegations of fact" fails to state a claim upon which relief can be granted.).

Plaintiff makes a vague and conclusory allegation that Optometrist Allen was "aware that the facility had created false medical records indicating [plaintiff] had been examined by him [were] not true." (Compl. at 7, ECF No. 1, PageID.7). He alleges that the defendant failed to "correct the situation or to afford plaintiff a[n] updated meaningful examination[.]" (*Id.* at PageID.8). Plaintiff alleges that Optometrist Allen was aware he was "assisting healthcare in facilitating, creating and circulat[ing] false grievance responses regarding medical evaluations by unqualified medical personnel[.]" (*Id.* at PageID.7).

"Such conclusory allegations, unsupported by specific facts, fail to state a claim." *Kirkendall v. Jaramillo*, No. 16-1500, 2016 WL 11005056, at *1 (6th Cir. Dec. 9, 2016) (citing *Iqbal*, 556 U.S. at 679); *see also Hursey*, 2017 WL 3528206, at *3 (A prisoner fails to state a claim where he "provides no specific facts regarding the frequency, severity, or result of the defendant['s] alleged denial of treatment."). Further, the "mere filing of an incomplete or false medical report does not state a claim of constitutional dimension." *McDougald v. Eaches*, No. 1:16-cv-900, 2016 WL 7015834, at *3 (S.D. Ohio Sept. 16, 2016).

Plaintiff does not have a constitutional right to obtain relief through a prison grievance procedure. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Because plaintiff has no liberty interest in, or constitutional right to, an effective prison grievance process, an allegedly inaccurate or false response to a prisoner's

-4-

grievance is not a claim of constitutional dimension.  *See Gordon v. Washington*, No. 1:18-cv-158, 2018 WL 1465845, at *3 (W.D. Mich. Mar. 26, 2018); *Sullivan v. Harry*, No. 1:13-cv-1363, 2014 WL 911867, at *4 (W.D. Mich. Mar. 10, 2014).

I recommend that all plaintiff's claims against Optometrist Allen be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim upon which relief can be granted.

## II.     Librarian Murphy

Plaintiff asks the Court to dismiss all his claims against defendant Murphy. Under Rule 41(a)(2), the Court is authorized to order dismissal "on terms the Court considers proper."  FED. R. CIV. P. 41(a)(2); *see McCord ex rel. McCord v Bd. of Educ. of Fleming Cty., Ky.*, No. 17-5548, 2018 WL 1724560, at *5 (6th Cir. Jan. 30, 2018). The primary purpose of requiring the Court to approve the dismissal of the plaintiff's claims is to "protect the nonmovant from unfair treatment."  *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."  *Grover ex rel. Grover*, 33 F.3d at 718.

"Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit."  *Id.*  "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation

for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

I find that defendant Murphy would suffer "plain legal prejudice" if the Court dismissed plaintiff's claims without prejudice. *See Harrison v. Deeren*, No. 1:16-cv-336, 2017 WL 3071464, at *1 (W.D. Mich. July 19, 2017). Plaintiff filed this lawsuit on April 8, 2016, based on events that allegedly occurred in 2014 and 2015. Further, plaintiff waited until very late in the life of this long-pending case to file his motion for dismissal. He did not file his motion to dismiss until after Librarian Murphy filed his motion for summary judgment. Plaintiff did not request a dismissal of any claim without prejudice and he gave no reasons why such relief would be appropriate. I recommend that plaintiff's motion be granted and that all plaintiff's claims against defendant Murphy be dismissed with prejudice.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court deny plaintiff's motion for entry of a default judgment against defendant Allen (ECF No. 50). I recommend that the Court dismiss all plaintiff's claims against defendant Allen pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim upon which relief can be granted. I recommend that the Court dismiss defendant Murphy's motion for summary judgment (ECF No. 54) without prejudice because it has been rendered moot by plaintiff's motion to voluntarily dismiss all his claims against defendant Murphy. I recommend that the Court grant plaintiff's motion to voluntarily dismiss all his claims against defendant Murphy (ECF No. 57) and that

the Court enter a judgment dismissing all plaintiff's claims against defendant Murphy with prejudice.

Dated:   December 5, 2018          /s/  Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).